UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SALVATORE J. PAULETTE, #601305,

                              Plaintiff,

        -against-

SUFFOLK COUNTY 5TH PRECINCT POLICE
DEPARTMENT, DETECTIVE STEPHEN
MASCIOPINTO, #1699;

                         Defendants.
-----------------------------------------------------------------X

FILED
CLERK
7/18/2022 4:37 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
22-CV-2913 (JMA) (ARL)

**AZRACK, United States District Judge:**

      On May 16, 2022, incarcerated pro se plaintiff Salvatore J. Paulette filed a complaint against the Suffolk County Police Department's 5th Precinct (the "Police Department") and Suffolk County police detective Stephen Masciopinto ("Det. Masciopinto") pursuant to 42 U.S.C. § 1983 ("Section 1983") purporting to allege a deprivation of his constitutional rights. (See Compl., ECF No. 1.) On May 26, 2022, Plaintiff filed an application to proceed in forma pauperis ("IFP") and a Prison Litigation Reform Act ("PLRA") Prisoner Authorization form. (See ECF Nos. 5–6.)

      Upon review of the declaration accompanying Plaintiff's IFP application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants Plaintiff's IFP application. However, for the following reasons, the Court sua sponte dismisses the Complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

## I. BACKGROUND

      Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. In its entirety, Plaintiff's statement of claim alleges that:

> [w]hile running away from Detective Stephen Masciopinto #1699, he got into his vehicle. I turned around to see his [sic] drive up and down the curbs between King Kullen and Mastic library. As I ran across the back block and into a property which seemed to be torn up by a trackter, he drove the car off road and hit me. I then rolled off the hood of the car got up and started to run into the property of the first house in which he drove up the front lawn and stopped to chase me on foot. As I went to jump the fence he grabbed me and pulled me down and tackled me threw the fence gate. As I stood up I was struck in the head with a large rock. I got up a proceeded to run in the direction of the front yard. As I turned around to see the detectives posesion he was able to strike me for a second time. As I fell I landed on a piece of wood in which I threw towards him. I got up and ran. As I got closer to the road I seen two police SUVs pulling up. At that point I gave up turning around and I was once again hit in the head by Detective Stephen Masciopinto #1699 with a rock in which put me into a seizure on the scene.

(Compl. at 6.)[1] Plaintiff alleges that, as a result, he "had a large gash above my left eye which required stitches." (Id. ¶ IV.A.) Plaintiff also claims to have "had multiple seizures requiring me to go to multiple hospitals including Brookhaven Medical, South Shore Medical, and Long Island Jewish Medical." (Id.) Plaintiff states that his eye "was swollen shut for to weeks with permanent indentations to [his] skull," and that he is "now on life long seizure surpresing medication." (Id.) Plaintiff seeks "compensation for my pain and suffering" in an unspecified amount, as well as for Det. Masciopinto "to receive punishment for this violent assault aswell as his false statement in which he reported at the scene." (Id. ¶ V.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma

---

[1] All material allegations in the Complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

**B.      Standard of Review**

The PLRA requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and to dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the IFP statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. Id. § 1915A(b).

Pro se submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. See United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). The Supreme Court has held that pro se complaints need not even plead specific facts; rather, the complaint "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). To state a claim under Section 1983, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."

Pitchell, 13 F.3d at 547.

### 1. Section 1983 Claims Against the Police Department

Plaintiff names the Police Department as a defendant. However, as an administrative arm of Suffolk County, the Police Department is a non-suable entity. See Rose v. Cty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) ("Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.") (citation omitted). Therefore, Plaintiff's claims against the Police Department must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1). See id. (dismissing Section 1983 claim asserted against Nassau County Police Department because department was non-suable entity); see also Sturgis v. Suffolk Cty. Jail, 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims because the Suffolk County Police Department is an "administrative arm[ ] of the County of Suffolk [ ] [and] lack[s] the capacity to be sued.").

### 2. Section 1983 Claims Construed as Against Suffolk County

It is well-established that a municipality, such as Suffolk County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must plausibly allege at least one of the following:

5

> (1) a formal policy officially endorsed by a municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising [policymaker] must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

Brandon v. City of New York, 705 F. Supp. 2d 261, 276 (S.D.N.Y. 2010) (internal quotation marks and citations omitted). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998).

Here, even affording the pro se complaint a liberal construction, there are no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by a policy or custom of Suffolk County. See Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, because Plaintiff has not alleged the existence of a municipal policy or custom, any potential Section 1983 claim against the County is dismissed.

### 3. Claims Against Det. Masciopinto

Affording the Complaint a liberal construction, as the Court must, the Court finds that Plaintiff's allegations against Det. Masciopinto—though thin—do not warrant dismissal at this early stage in the proceedings. As a result, the Court declines to sua sponte dismiss Plaintiff's remaining claim Section 1983 against Det. Masciopinto.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed in forma pauperis is granted.

Plaintiff's claim against the Police Department is dismissed sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) for failure to state a claim for relief. However, Plaintiff's claim against Det. Masciopinto shall proceed. The Clerk of the Court is directed to issue a summons for Det. Masciopinto and to forward the summons together with a copy of the Complaint and this Order to the United States Marshals Service for service of process forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court shall mail a copy of this Order to Plaintiff at his last known address and note such mailing on the docket.

**SO ORDERED**.

Dated:    July 18, 2022
          Central Islip, New York              /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE